MINNIE GRUBE, as Administratrix of JOHN GRUBE, Deceased,
Respondent, v. THE HAMBURG-AMERICAN STEAMSHIP COM-
PANY, Appellant.

NEGLIGENCE — COLLISION AT SEA — ERRONEOUS REFUSAL TO CHARGE.
Upon the trial of an action against a steamship company for negligence
resulting in the death of plaintiff's intestate, who was drowned as
the result of a collision between a steamship and a pilot schooner on
which he was employed, the defendant is entitled to have the jury
instructed, in substance, that it was the duty of those navigating the
schooner, when approaching another vessel, to have a "lookout" and
keep a man at the wheel and not allow the schooner to drift before the
wind, and a refusal to charge requests to that effect constitutes reversible
error.

*Grube* v. *Hamburg-American Packet Co.*, 83 App. Div. 636, reversed.

(Argued October 28, 1903; decided November 10, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered May
27, 1903, affirming a judgment in favor of plaintiff entered
upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Everett P. Wheeler* for appellant. The requests to charge
as to navigation rules express well-settled rules of law appli-
cable to the case at bar, and the defendant was entitled to
have them given. (*The Ariadne*, 13 Wall. 475; *The Sun-
nyside*, 91 U. S. 208; *Belden* v. *Chase*, 150 U. S. 674; *The
Trave*, 55 Fed. Rep. 117; *The Catalonia*, 43 Fed. Rep. 396;
*The City of New York*, 147 U. S. 72; *The Philadelphia*,
61 Fed. Rep. 862; *Jacobsen* v. *D. & N. Co.*, 114 Fed. Rep.
705; *The A. W. Thompson*, 39 Fed. Rep. 115; *The Illinois*,
103 U. S. 298.)

*Gilbert D. Lamb* for respondent. Defendant's exceptions
to the charge of the court cannot be sustained. (*Groh* v.
*Groh*, N. Y. L. J. Feb. 21, 1903; *McGinley* v. *Ins. Co.*, 77
N. Y. 495.)

WERNER, J.   The Appellate Division has unanimously affirmed the judgment entered upon the verdict for the plaintiff herein.   Upon the record presented to us we deem it necessary to discuss only a single question, and that is raised upon the refusal of the trial court to charge two requests which we think defendant's counsel was entitled to have submitted to the jury.   A brief statement of the material facts will disclose the relevancy and importance of these requests. The action is one for damages for alleged negligence which resulted in the death of plaintiff's intestate.   On the 17th day of August, 1901, the steamer *Alene,* owned by the defendant, and the pilot schooner *James Gordon Bennett,* owned by a New Jersey corporation, collided in the vicinity of Scotland lightship in the harbor of New York, with the result that the schooner went to the bottom and carried several of her crew with her.   Among those who perished was plaintiff's intestate.   One of the questions litigated was that of jurisdiction, which depended upon conflicting evidence, and which, upon the record before us, the unanimous affirmance below has concededly and conclusively resolved in favor of the plaintiff.   Another contested question was that of defendant's alleged negligence, and this in turn depended, in some degree, upon the existence or absence of negligence in the sailing of the schooner, in the wreck of which plaintiff's intestate lost his life.   Defendant contended, and introduced evidence tending to prove, that at the time of the collision there was no one at the wheel of the schooner, and that she had no " lookout."   This was controverted by evidence tending to show that all hands were on deck of the schooner with the exception of four pilots and the steward, the plaintiff's intestate.

As it is conceded that plaintiff's intestate was free from contributory negligence, the trial court correctly charged that concurring negligence in the navigation of both vessels would not defeat plaintiff's right to recover, because if that were the fact, she could bring her action against either or both of the guilty parties.   But, on the other hand, it is obvious, even

upon the rather nebulous state of the record with reference to the relative positions of the vessels just before the collision, that the question of defendant's negligence depended somewhat upon the degree of care exercised in the navigation of the schooner. It was, therefore, important that any request bearing directly upon that subject should have been explicitly charged.

The requests referred to were as follows: "4. When the schooner had changed her course and headed to the westward it was Captain Mix's duty to keep a man at the wheel and not allow her to drift before the wind."

"5. It was also his duty to keep a lookout after the schooner had changed her course and was headed to the westward."

Upon these requests the court charged: "It is the claim of the defendant that at the time of the accident there was no one at the wheel of the schooner and that there was no lookout. It is for you to say, in the light of all the evidence, just what the facts are, and if you find them to be as claimed by the defendant, it is still for you to say whether those omissions, if they were omissions, contributed to the happening of the accident."

We are inclined to the view that this charge did not fairly and fully cover the requests, and that the defendant was entitled to have a charge substantially in the language of the requests. While, as we have said, negligence on the part of those in charge of the schooner would not necessarily absolve those in command of the steamer from the charge of negligence, yet the questions of separate and concurring negligence were so interdependent that the rules of law pertaining to these questions, above all others, should have been clearly and precisely stated to the jury. As an abstract proposition it goes without saying that the duties of wheelman and lookout upon vessels navigating the high seas are of the highest importance, and in cases of collision their conduct is always the subject of minute scrutiny. As applied to the case at bar, the effect of the alleged absence of two such important func-

25

tionaries in the management of the schooner presented, of course, a question for the jury, but the defendant had the right to a proper charge upon that subject.

It would undoubtedly be going too far to say that the refusal of the court to charge as requested was clearly controlling of the verdict found, and yet it would not be going far enough to arbitrarily assume that it had no effect whatever. Therefore, we think the refusal to charge as requested was error for which the judgment herein should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT and CULLEN, JJ., concur; MARTIN, J., not voting.

Judgment reversed, etc.